**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABDUL-AZIZ,**<br><br>    *Plaintiff*,<br><br>    v.<br><br>**THE CITY OF ELIZABETH N.J. POLICE DEPARTMENT, et al.,**<br><br>    *Defendants*. | Civil Action No. 14-7675<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

    **I.   INTRODUCTION**

This matter comes before the Court on Plaintiff Abdul-Aziz's ("Plaintiff") motion to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Dkt. No. 11. At this time the Court will **GRANT** Plaintiff's IFP application and screen the Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Amended Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff shall be provided 30 days to cure the deficiencies cited herein. If Plaintiff fails to amend the Complaint in this time, the Complaint shall be dismissed with prejudice.

    **II.   BACKGROUND**

Plaintiff is a pretrial detainee currently confined at Union County Jail. His initial Complaint was submitted to prison officials on November 10, 2014, Dkt. No. 1-6, and was

docketed on December 10, 2014.  Compl., Dkt. No. 1.  His submission included an application for IFP status and a number of attachments.  Id.  On July 24, 2015, the Court denied Plaintiff's IFP application for failure to include the required certified account statement.  Dkt. No. 2.  Plaintiff subsequently submitted the statement but did not submit the required certification.  Dkt. Nos. 3, 4.  Plaintiff also submitted an application for pro bono counsel and a request to file an Amended Complaint.  Dkt. Nos. 5, 6.  Noting that Plaintiff's Complaint had not yet been screened, Magistrate Judge Wettre denied without prejudice Plaintiff's application for pro bono counsel and granted his motion to amend the Complaint.  Dkt. No. 8.  Plaintiff also filed a motion to consolidate the instant action with a related state court action, and this Court denied that motion pursuant to Fed. R. Civ. P. 42, which permits consolidation of only federal cases.  Dkt. No. 9.  Plaintiff filed his Amended Complaint on October 29, 2015, which included another IFP application.  Dkt. No. 11.  The Amended Complaint contains claims pursuant to 42 U.S.C. § 1983 arising from allegations that he attempted to report a shooting incident to officers at the Elizabeth Police Department on July 11, 2011, but the officers allegedly refused to accept his report or investigate the incident and then sought to cover up their misconduct.  Am. Compl., Dkt. No. 11.

Plaintiff alleges that on July 11, 2011, he "walked into the Elizabeth Police Headquarters located at One Police Plaza and 'reported' an incident which had only moments ago taken place."[1] Abdul-Aziz Aff., Dkt. No. 11 at 8.  The Amended Complaint does not describe the "incident" that Plaintiff allegedly attempted to report; however, Plaintiff attached to his Initial Complaint an Investigation Report prepared by the Union County Prosecutor's Office, which sheds some light on the incident referred to in Plaintiff's Amended Complaint.  Investigation Report, Dkt. No. 1-3

---

[1] The Court notes that Plaintiff's Amended Complaint appears to incorporate the allegations in the Initial Complaint and the attachments submitted with the Initial Complaint.  See Dkt. No. 11; Am. Compl. ¶¶ 10, 12.  Where necessary, the Court refers to these documents.

Ex. A.  This report, dated October 28, 2011, and prepared by Sergeant Edward R. Koenig, states that an arrest warrant was executed on July 16, 2011 for Plaintiff Abdul Aziz in connection with the shooting death of his girlfriend.[2]  Id.  The report further states that Plaintiff told investigators that he had "responded to Elizabeth Police Department Headquarters on July 11, 2011 and advised the desk officer [that] he had shot his girlfriend[,] and he was turned away and he left."  Id.  The report appears to describe a subsequent internal investigation to determine which officers and staff were working on July 11, 2011.  Id.  The report states that all of the Elizabeth Police Department ("EPD") officers interviewed in connection with the investigation denied Plaintiff's allegations that he had reported that he had shot his girlfriend/wife.  Id.

Plaintiff's Amended Complaint names the EPD and the EPD officers listed in the October 28, 2011 Investigation Report (hereafter referred to collectively as the "Officer Defendants") as Defendants, and provides the following additional facts in an unnumbered affidavit attached to the Amended Complaint.  See Am. Compl. at 9-12, Dkt. No. 11.  Plaintiff alleges that an EPD Officer, identified in the Amended Complaint as "officer number one," called him a racial epithet and refused to accept his report of the incident.  Id.  Plaintiff alleges that he left the building in disbelief, but returned a short while later and again attempted to report the "incident."  Id.  Officer number one allegedly prevented another officer, referred to in the Amended Complaint as "officer number two," from assisting Plaintiff and taking the report.  Id.  After being denied assistance a second time, Plaintiff allegedly cried out loudly, and a third officer came to assist him.  Id.  This officer, referred to in the Complaint as "officer number three," took out his notepad and appeared to write down "all the information [Plaintiff] reported."  Id.  After Plaintiff reported the incident, the Officer

---

[2] It is not clear from the report whether the shooting victim was Plaintiff's girlfriend or wife.

3

Defendants allegedly did nothing to follow up on Plaintiff's report until receiving a 911 call "nearly twelve hours later[.]" Id.

Plaintiff alleges that the EPD and the Officer Defendants then attempted to cover up their failure to respond, assist, or investigate. Id. at 11-12. Plaintiff also appears to allege that the Union County Prosecutor's Officer issued an arrest warrant, searched and seized his vehicle, arrested him, and set his bail at one million dollars in order to "make up for Elizabeth Police Department dropping the ball and failing to act" on Plaintiff's report. Id. at 12.

The Amended Complaint describes the causes of action brought by Plaintiff as "bias intimidation, official misconduct, official deprivation of [Plaintiff's] civil rights . . . wanton negligence and blatant refusal to perform the duty which is imposed upon by law and clearly inherent in the nature of his office." Am. Compl. ¶ 13. Plaintiff's Amended Complaint further alleges that the Defendants' conduct "violated Plaintiff Abdul-Aziz['s] rights and [that their actions] violated various amendments to the United States Constitution." Id. Elsewhere in the Amended Complaint, Plaintiff alleges that the Officer Defendants

> Did knowingly, purposely, and openly refused to perform their official duties, intimidated Plaintiff with the use of racially motivated epithet and arbitrarily chose to prevent and hinder [Plaintiff] from a right and privilege secured by the Constitution or laws of the United States while acting under the color of state law. Due to their actions and false statements, Plaintiff has wrongly been charged with murder.

Dkt. No. 11 at 17. Finally, Plaintiff alleges that the Officer Defendants committed a number of state law crimes. Id. at 16. Plaintiff seeks declaratory relief and damages. Am. Compl. ¶¶ 15-20.)

4

### III.    STANDARD OF REVIEW

Under the PLRA, district courts must review complaints in those civil actions in which a person is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010). That is, "[e]ven a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim

5

entitling the plaintiff to relief. Gibney v. Fitzgibbon, 547 F. App'x 111, 113 (citing Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981)).

### IV. ANALYSIS

At the outset, the Court grants Plaintiff's application to proceed in forma pauperis without prepayment of fees and costs pursuant to 28 U.S.C. § 1915(a). The Court now reviews the merits of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the Complaint is dismissed.

#### a. City of Elizabeth Police Department

From the outset, Plaintiff may not maintain a cause of action under Section 1983 against the EPD. In New Jersey, a municipal police department is not an entity separate from the municipality. See N.J. Stat. Ann. § 40A: 14-118 (municipal police department is "an executive and enforcement function of municipal government"). As such, the EPD is not a proper defendant in this action. See Padilla v. Twp. of Cherry Hill, 110 F. Appx. 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") (quoting DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); Aycox v. City of Elizabeth, No. 08-751, 2009 U.S. Dist. LEXIS 111345, at *7 (D.N.J. Dec. 1, 2009) ("Because the Police Department is merely an arm of the Township, Plaintiff's claim against the department cannot stand."). The Court therefore dismisses with prejudice the claims against the EPD.[3]

---

[3] In order for the City of Elizabeth to be held liable on a § 1983 claim Plaintiff must allege either: (a) an official policy or custom or practice which results in constitutional violations; or (b) conduct by officials in authority evidencing implicit authorization or approval or acquiescence in the unconstitutional conduct. See Monell v. Dept. of Soc. Serv. Of the City of N.Y., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). It is only when "execution of a government policy

b. **Section 1983 Claims against the Remaining Officer Defendants**

i. **Alleged Misconduct by the Officer Defendants on July 11, 2011**

"Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." Hansell v. City of Atl. City, 152 F. Supp. 2d 589, 602 (D.N.J. 2001) (citations omitted), aff'd, 46 F. App'x 665 (3d Cir. 2002)). Notably, § 1983 does not create a cause of action based upon violations of state statutes. See Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir.), cert. denied, 501 U.S. 1218 (1991); Hansell v. City of Atl. City, 152 F. Supp. 2d 589, 602-03 (D.N.J. 2001), aff'd, 46 F. App'x 665 (3d Cir. 2002) (same). Here, the gravamen of Plaintiff's allegations against the Officer Defendants is that they failed to perform their duties as police officers when they refused to take his report regarding the shooting incident and subsequently failed to investigate the incident. Plaintiff further alleges that one of the Officer Defendants used a racial epithet against him when refusing to take his report. Neither of these allegations, together or alone, appears to state a claim for relief under § 1983.

Furthermore, it appears that Plaintiff's claims regarding the misconduct by the Officer Defendants that occurred on July 11, 2011 would be time barred under the two-year statute of limitations applicable to section 1983 actions. It is well established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. § 1983 in federal court. Instead, "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1988).

---

or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." Monell, 436 U.S. at 694. Here, Plaintiff has not set forth any policy or custom of the City of Elizabeth.

In New Jersey, the statute of limitations for a civil rights claim under § 1983 is two years. Disque v. New Jersey State Police, 603 F.3d 181, 189 (3d Cir. 2009). The limitations period begins to run on the accrual date. For federal claims brought pursuant to 42 U.S.C. § 1983, the accrual date of the claim is determined in accordance with federal law. Disabled in Action of Pa. v. Se. Pa. Trans. Auth., 539 F.3d 199, 209 (3d Cir. 2008). Generally, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. Sameric, 142 F.3d at 599 (citing De Botton v. Marple Twp., 689 F. Supp. 477, 480 (E.D. Pa. 1988)); see also Large v. Cnty. of Montgomery, 307 F. App'x 606, 606 (3d Cir. 2009).

Here, it is clear from the face of the Amended Complaint that the misconduct related to (1) the failure to take Plaintiff's report or investigate the incident and (2) the use of the racial epithet occurred on July 11, 2011. Plaintiff gave his Initial Complaint to prison officials for mailing on November 10, 2014, Dkt. No. 1-6, more than three years after the Officer Defendants allegedly refused to take his report, investigate the incident, and used the racial epithet. See Robinson v. Johnson, 313 F.3d 128, 135 & n. 3 (3d Cir. 2002) (explaining that statute of limitations defense may be asserted on motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) where it is apparent on the face of the complaint that the claims are time-barred); Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 112 (3d Cir. 2013) (explaining that where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim"). Because the section 1983 claims described in this section plainly appear to be time barred, the Court dismisses these claims without prejudice. Plaintiff is granted leave to file an Amended Complaint to the extent he is able to provide facts that would show these claims are timely or that he is entitled to tolling.

### ii. Plaintiff's Claim for Malicious Prosecution

Plaintiff also appears to allege that the Officer Defendants, with the assistance of the Union County Prosecutor's Office, attempted to cover up their failures to assist and investigate by "excessively and improperly charg[ing Plaintiff] with the crime of murder."[4]  Dkt. No. 11 at 11. The Court construes Plaintiff to allege a claim for malicious prosecution.[5]  To prevail in a § 1983 action malicious prosecution action, a plaintiff must show:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in the plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).  Here, Plaintiff, a pretrial detainee, has not alleged facts showing that any of the Officer Defendants (1) initiated the criminal proceeding against him or (2) that the criminal proceeding ended in his favor.  As such, the Court will dismiss the malicious prosecution claim without prejudice at this time.

### c. Supplemental State Law Claims

Plaintiff has also alleged the violation of several state law criminal statutes.  As noted above, § 1983 does not create a cause of action based upon violations of state statutes.  See Brown,

---

[4] The Court does not construe Plaintiff to allege claims for false arrest or false imprisonment against the Officer Defendants.

[5] The Court notes that the statute of limitations for a malicious prosecution claim under Section 1983 accrues on the day that the criminal proceedings against a plaintiff are terminated in his or her favor. Torres v. McLaughlin, 163 F.3d 169, 177 (3d Cir. 1998); see also Kossler v. Crisanti, 564 F.3d 181, 186–87 (3d Cir. 2009); Ginter v. Skahill, 298 F. App'x. 161, 163 (3d Cir. 2008) ("When false arrest is the basis of the § 1983 action, the statute of limitations normally begins to run at the time of arrest.  Claims alleging malicious prosecution do not accrue until charges are dismissed.") (citing Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) and Smith v. Holtz, 87 F.3d 108, 111 (3d Cir. 1996)) (internal quotations omitted).

9

922 F.2d at 1113. Because the Court has dismissed the federal claims, the remaining potential basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware Cnty., Pennsylvania, 983 F.2d 1277, 1284–85 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. United Mine Workers, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284–85.

Here, the Court has dismissed the federal claims at the earliest possible stage of the proceedings and exercises its discretion to decline supplemental jurisdiction at this time.

V. **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion to proceed in forma pauperis is **GRANTED** and the Complaint is **DISMISSED** for failing to state a claim upon which relief can be granted. An appropriate order accompanies this Opinion.

Date: May 5, 2016 /s *Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**

11